## VALIDITY OF CONVEYANCE BY AGED MAN.

Circuit Court of Fairfield County.

JOHN BOYER v. JOHN J. BOYER.

Decided, September Term, 1911.

*Deed—Attack Upon, for Invalidity on Ground of Undue Influence and Mental Incapacity—Persuasion which is Not Illegal—Mental Capacity to Dispose of Property Sufficiently Shown, When—Burden of Proof as to Presumptions Arising.*

1. As between an uncle who is advanced in years and a nephew who is young, no presumption of inequality exists, and the question whether undue influence was exerted over the uncle whereby he was induced to make a conveyance of property to the nephew is a question of fact to be determined from the circumstances of the case.

2. Fair argument or persuasion, or appeals to the conscience or sense of justice of a grantor, especially where made by one having a claim upon his bounty or sense of justice, does not, if such persuasion is fairly made, lay a foundation for vacating a deed executed as an apparent or possible result of such persuasion.

3. Where incapacity on the part of a grantor to execute a deed is charged, and the conveyance was itself reasonable and proper, the burden is upon the one assailing the transaction to show incapacity at the time the deed was executed; and where the testimony shows that the grantor selected the notary whom he desired to draw the deed and gave him instructions as to what he desired to have done, and when the deed was ready for signature himself discovered that a life estate had not been reserved as he had directed, and this omission having been supplied he executed the deed and gave directions that it be placed on record, and its execution seems to have been in accordance with a purpose of the testator to make a testamentary disposition of the property in question, the deed will not be set aside on the ground of mental incapacity or the feebleness of old age.

*Lane & Daugherty,* for plaintiffs.
*Davidson & McCleary,* contra.

VOORHEES, J.; SHIELDS, J., and POWELL, J., concur.

This action comes into this court on appeal. The object of the plaintiff's suit is to set aside a deed made by John Boyer to the defendant, John J. Boyer, on the 13th day of April, 1909. The grounds on which it is sought to set aside the deed are—

First.    That the grantor, John Boyer, at the time the deed was made, to-wit, on April 13, 1909, was suffering from severe illness and was so greatly enfeebled, physically and mentally, because of his age—he then being of the age of seventy-four years—that he was mentally incapable of transacting ordinary business, or the execution and delivery of any deed of conveyance of his real estate.

Second.    That the defendant, intending and contriving to cheat and defraud the said John Boyer out of his farm, and without paying any valuable consideration therefor to the plaintiff or any other person for him and by the undue influence of the defendant and others in his employ, procured from the plaintiff a deed of conveyance in fee for his farm, and immediately thereafter caused said deed to be filed for record with the recorder of Fairfield county.

Third.    That, at the time of the execution of said deed, the plaintiff did not know or understand the nature of his act in so making said deed, or the contents of the same, or that he was then parting with the title to his farm; but, by the undue influence of the defendant and others in his employ, when the plaintiff was incapacitated, as the defendant well knew, the plaintiff was induced to execute said deed to the defendant, and he, the plaintiff, was then overcome by undue persuasion, entreaties, and arts of the defendant and fraudulently coerced into signing said deed.

The case was tried in this court on the testimony taken in the court below, and by agreement of the parties, the transcript of the testimony so taken, was submitted to the court on behalf of the respective parties, plaintiff and defendant, the same as if the witnesses were offered and examined in open court. Said transcript and evidence offered by both parties on the trial, was all the evidence in the case.

One of the contentions of the plaintiff is that, from the relationship existing between the plaintiff and the defendant, at the time the deed was executed, an undue influence over the plaintiff by the defendant is presumed to exist. The plaintiff was the uncle of the defendant, and when the defendant was about nine years of age, the uncle took the defendant into his family, as a member thereof, where he lived until he was a man of about

twenty-two years of age and upwards, when the defendant married and moved upon a farm of his own. The uncle never married and had no relatives other than brothers and sisters, and children of deceased brothers and sisters. The uncle and the defendant always sustained friendly relations toward each other.

To state the contention of the plaintiff more concisely, it is claimed that, where such relationship does exist, and a grantor is partially incapacitated by age, physical and mental infirmities, and the deed is without valuable consideration, the burden is upon the grantee to show affirmatively that the grantor clearly understood the nature and effect of the transaction, and voluntarily executed the instrument.

It is true the law presumes, in the case of guardian and ward, trustee and *cestui que trust,* attorney and client, physician and patient, that their situation is unequal, and that relation appearing, itself throws the burden upon the party occupying such position of trust, in dealing with the trust, or the beneficiary thereof. to prove the fairness of his dealing. But the law does not presume fraud or undue influence from the fact that one party is old and an uncle, and the other is a nephew and young. The question as to parties so situated is a question of fact dependent upon the circumstances in each case. There is *no presumption* of inequality either way from these relations merely.

We think, in this case, there is convincing proof of facts and circumstances which show that when the deed in question here was executed and delivered, the grantor, John Boyer, was not misled by reason of any confidential relations existing between himself and the grantee, John J. Boyer, nor was there any act done by the grantee, tending to show that the deed did not express the grantor's intention at the time he executed and delivered it.

It is contended on behalf of the plaintiff, that he was, by undue persuasions, entreaties, and practices, used by the defendant and others, coerced into signing said deed.

This the defendant denies, and the proof shows, that on the day the deed was made to Elizabeth Looker, the defendant had a conversation with his uncle, in which he said to his uncle:

"Uncle John, while you are making this deed for Mrs. Looker, don't you think it would be no more than right that you should do something in like manner for me?"

The plaintiff says, "What is it you want?"

"Why," he replied, "make me a deed for this farm," meaning the farm here in question, and the one on which the plaintiff resided.

Plaintiff said, "No; that is entirely too much."

When the defendant said to him, "Do as you see fit and I will be satisfied."

The record shows that, at the same time this conversation occurred, the plaintiff and the defendant were on the porch at the plaintiff's home, when the defendant made the suggestion for the plaintiff to do as he saw fit, etc. The plaintiff said, "Ask Mrs. Looker to come out."

She was called, and the defendant repeated what he had before said to his uncle, viz.:

"While you are making the deed to Mrs. Looker for that farm, I don't think it would be any more than right that you should do something in like manner for me."

Mrs. Looker said, "Yes; I think you ought to favor him and his sister Wilda both." The plaintiff made no reply.

This transaction is given and urged as tending to show undue influence and coercion practiced by the defendant and Mrs. Looker, in procuring the deed from the plaintiff for the farm here in question.

Courts of equity will not vacate a deed obtained by means of influence and importunity, unless it has been unduly or improperly exercised. Fair argument and persuasion or appeals to the conscience or sense of duty of the grantor, especially by those having claims upon his *justice* or his bounty, if fairly made, lay no foundation for vacating a deed, although the grantor would not have made the deed but for such appeal, argument, or persuasion. *Truman* v. *Lore,* 14 O. S., 144-145.

The record shows that the grantor, John Boyer, made the deed in question, to the defendant, voluntarily and for reasons satisfactory to himself, and there is no evidence in the case that there was influence or persuasion used, either by the defendant or Mrs. Looker, to induce the making of the deed, other than what has been hereinbefore stated, and after the deed was executed and delivered, the plaintiff then stated that he had done what he had wanted to do for some time, that one reason he had for

making the deed to the defendant was that he desired the farm in question to remain in the "Boyer" name, it having been in the Boyer name for nearly a hundred years.

We find, as a fact, that there was no undue influence used by the defendant or any other person, to induce the plaintiff to execute the deed in question in this case, and there is no evidence tending to prove fraud or undue influence, at the time of its execution and delivery, April 13, 1909, but that the act was the free and voluntary act of the grantor, John Boyer.

This eliminates from the case the charge of fraud and undue influence, and leaves the question that the grantor, John Boyer, at the time he executed the deed, was mentally incapacited for the transaction of ordinary business.    There is nothing better settled in law than that, in the absence of fraud or undue influence, mere weakness of intellect, resulting from sickness or old age, is no ground for setting aside an executed contract, providing the contracting party was capable of understanding, in a reasonable manner, the nature of the particular affair in which he participated.    The rule of the measure of the grantor's capacity in such a case is simply that he understand, in a reasonable manner, the nature and effect of what he was doing.    The burden of proof is upon the party assailing the act, to show the incapacity at the time the act was done.

The evidence of incapacity proffered must relate to the time of the *factum* or act done, either directly or when taken in connection with other evidence in the case.    In other words, when the act is reasonable and proper in itself, the burden is on the party assailing the contract to show the incapacity at the time the act was executed.    Tested by this rule, the evidence in this case is conspicuously feeble.    There is nothing in the evidence tending to prove insanity in the ordinary and popular sense. Taken at its strongest, the most that could be claimed for the evidence for the plaintiff is that it proved some mental and physical weakness resulting from old age and sickness.

At the time the deed in question was executed, the grantor selected the notary public to transact the business for him and to write the deed in question, giving instructions as to what he wanted, and after the deed had been written and either read to him or submitted for his inspection, he discovered that it was not

in accordance with his instructions, in this: that he desired and intended to reserve a life estate in the farm, but, either inadvertently or otherwise, when it was written by Mr. Lane that condition was omitted, and the old gentleman called attention to the fact, and had the reservation of his life estate incorporated into the deed, and after that was done, the deed was executed and delivered to the grantee, the defendant, John J. Boyer. The old gentleman suggested and instructed the defendant, as well as Mrs. Looker, to whom he had made a deed on the same day, to have them recorded. This, in connection with other business matters that he had directed and planned for on the day the deeds were made, conclusively shows to the minds of the court that, at the time this deed was made, the grantor had mental capacity to transact ordinary business. We think, in this case, the deed is in the nature of a testamentary disposition of property, and it was carrying out what he had intended and had in contemplation for some time before the deed was executed.

Coming more directly to the question of his mental capacity, and believing the rule does not require that high degree of capacity, that a man's memory must be just as perfect as it ever was, or his physical ability as good as it was in former years; he may be feeble in mind and body, so that he will not be able fully, at all times, to comprehend his situation or surroundings, nevertheless, when it comes to the question of capacity and to the disposition of his property, a subject upon which he may have reflected much when in full vigor of mind and body, these failures of memory and infirmities of age are not sufficient to overcome the principle that he has the right to dispose of his property in any way he may wish or deem best.

If this is the correct test of capacity, we think there is no evidence whatever in this case to show that Mr. John Boyer, when this deed was made, had reached a condition of mental weakness that incapacitated him from making the disposition of his property that he did make to his nephew, the defendant herein.

If the old gentleman had mental capacity sufficient to transact ordinary business, and we find as a fact that he had, and was free from restraint and undue influence, which we also find as a fact, then he had the right to make such disposition of his

property as he thought proper. He is not required to make an equitable disposition of his estate among even the objects of his bounty. He may, if he chooses, exclude his children, or divide his estate among them unequally. The question in all cases is, was the act the free act of a competent party?

There is one further circumstance in this case that is deserving of notice. It is contended by the plaintiff that the grantor was laboring under a delusion of some kind, evidenced by his claiming that he had been in communication with his dead relatives at night, and, therefore, this delusion tended to show his unfitness to transact ordinary business. It will be observed that it was not claimed that these supposed communciations with the spirit world had any influence on him in making the disposition of his property that he did make. That is, it is not claimed that the spirits had directed him or had influenced him in making the deed or deeds that he made on the 13th day of April, 1909, or that, by reason of the delusion, he did what he otherwise would not have done, excepting for such delusion.

"Delusions can scarcely be regarded as evidence of general insanity, and when the evidence of them is opposed by other evidence tending to prove the general competency of the person whose mind is in question, to tend to his own affairs, and to dispose of them with sagacity or at least in obedience to the free impulses and motives of his own mind, his contracts and his dispositions of his property, testamentary or otherwise, must be treated as valid, unless connected in some way with his insane delusions." *Hemmingway Est.*, 195 Pa., 291 (78 A. S. Rep., 815); *Lucas* v. *Parsons,* 71 Am. Dec., 147; *Maynard* v. *Tylar,* 168 Mass., 107; *Rice* v. *Rice,* 50 Mich., 448; *Hollinger* v. *Syma,* 47 N. J. Equity, 22.

Without pursuing the discussion further, the court is of the opinion that, at the time the deed to the defendant was executed and delivered, John Boyer was mentally and physically competent to transact ordinary business, including the act of making and delivering a deed for any portion of his estate, and that he, at the time he made such deed, was not under undue influence or restraint, nor was there any fraud practiced upon him by the defendant in securing said deed.

Therefore, the judgment of the court is in favor of the defendant, with costs, and that the petition be, and it is hereby, dismissed.